## VOLLKOMMER v. COLUMBIA PAPER BAG CO.

(Supreme Court, Appellate Division, Second Department. May 5, 1905.)

MUNICIPAL COURT—REMOVAL OF CAUSE—WANT OF JURISDICTION—REMEDY—MOTION FOR REMAND.

Laws 1902, c. 580, p. 1490, § 3, provided for the removal of causes from the Municipal Court of the City of New York to the Supreme Court in certain cases. This provision was expressly repealed by Laws 1904, pp. 1429, 1430, c. 598, §§ 1, 4, which took effect June 1, 1904. July 22, 1904, a justice of the Municipal Court made an order on defendant's motion removing an action to the Supreme Court. Held, that plaintiff's remedy was to move the Supreme Court to remand the cause to the Municipal Court, and not to apply to the Municipal Court to vacate the order of removal.

Appeal from Special Term, Kings County.

Action by Joseph Vollkommer against the Columbia Paper Bag Company. From an order of the Supreme Court denying a motion to remand the cause to the Municipal Court, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

Francis B. Mullin, for appellant.

Charles Thaddeus Terry (J. Day Lee, on the brief), for respondent.

PER CURIAM. On the 22d day of July, 1904, a justice of the Municipal Court of the City of New York, sitting in the Third Judicial District of the borough of Brooklyn, made an order removing this action to the Supreme Court in Kings county. This order was made in the exercise of the authority supposed to be

vested in said justice by section 3 of the Municipal Court act of
New York City. Chapter 580, p. 1490, Laws 1902. But that section
had been repealed by the Legislature of 1904 by an act which took
effect on the 1st day of June in that year, before the order of re-
moval was made. Chapter 598, pp. 1429, 1430, Laws 1904, §§ 1, 4.
The fact of this repeal was doubtless unknown to the Municipal
Court justice. The order of removal having thus been made at
the instance of the defendant without jurisdiction, the plaintiff
asked the Supreme Court to make an order remanding the case
to the Municipal Court; but his application for this relief has
been denied, apparently on the ground either that he has volun-
tarily submitted to the jurisdiction of the Supreme Court, or
that an order of remand was unnecessary, inasmuch as the order of
removal was void.

The facts developed upon the motion do not, in our opinion,
make out a voluntary submission on the part of the plaintiff to
the jurisdiction of the Supreme Court, and we think that an order
remanding the cause may properly be made, and ought to be made,
in order to leave no doubt as to the authority of the Municipal
Court to proceed to a trial and determination of the action. We
cannot concur with the contention in behalf of the respondent
that the plaintiff's proper remedy was to apply to the Municipal
Court to vacate the order of removal, and, if that application had
been denied, to appeal therefrom. There is no provision in the
Municipal Court act for an appeal from such an order.

The order under review should be reversed, and the plaintiff's
motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with-
out costs. All concur.